# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BOARD OF TRUSTEES OF THE CALIFORNIA )
IRONWORKERS FIELD PENSION TRUST, *et al.*,)
)
                    Plaintiffs, )    Case No. 2:13-cv-01116-APG-GWF
)
vs. )    **FINDINGS AND**
)    **RECOMMENDATION**
MERCURY STEEL & PLACING, INC., )
)
                    Defendant. )
_____)

       This matter is before the Court on the undersigned's recommendation to administratively close the above captioned case due to inactivity.

       This action arose out of Plaintiff's Registration of Foreign Judgment (#1) filed on January 17, 2013.  The parties subsequently filed a Stipulation for Judgment Debtor Exam (#8) on July 30, 2014. On October 10, 2013, the Court permitted Defendant's counsel to withdraw and ordered Defendant to retain new counsel by October 24, 2013. *See Order, Doc. #15*.  After Defendant failed to comply, the Court issued an Order (#16) on November 12, 2013 again instructing Defendant to retain new counsel by November 23, 2013.  On February 4, 2014, the undersigned ordered Defendant to show cause why, despite the issuance of two court orders, it had not yet retained counsel.  *See Dkt. #18*.  At a hearing on the matter, Mr. Traversie, representing Mercury Steel & Placing, Inc., advised the Court that he was unable to afford counsel and was currently looking for representation.  *See Dkt. #19*.  At the same hearing, Plaintiff moved the Court for an order to conduct a judgment debtor exam.  The undersigned gave Defendant thirty days to retain counsel before permitting Plaintiff to file its amended motion for judgement debtor exam.  *Id*.  No action has since been taken in this matter.

An administrative closure is an order by the Court that removes the case from the court's active docket. *See Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999). An order administratively closing a case is a docket management tool that has no jurisdictional effect. *See Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005). Therefore administratively closing a case is not a dismissal or final decision. *See South La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004). No action has been taken in this matter since February 21, 2014. *See Dkt. #19*. Therefore the undersigned finds that the parties' failure to actively pursue this action necessitates the need for an administrative closure. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Clerk of the Court administratively close the above captioned case. Either party may seek, by motion, to reopen this case in the event further action is required by the Court.

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 20th day of October, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge